GORHAM (GILTNER v.). See Case No. 5,-453.

GORHAM (LYNDON v.). See Case No. 8,-640.

---

## Case No. 5,626.

### GORHAM v. MIXTER et al.

[Brunner, Col. Cas. 327;[1] 46 Jour. Fr. Inst. 254; 1 Am. Law J. (N. S.) 539; 19 Hunt, Mer. Mag. 296; 5 West. Law J. 525.]

Circuit Court, D. Massachusetts. 1848.

INFRINGEMENT OF PATENT—WHAT CONSTITUTES.

A patent for a combination has not been infringed unless defendant has used, constructed, and operated it in substantially the same way as under the patent; to change the form and obtain a new manner of operating, or to obtain a new and useful result, is subject to a patent.

[Cited in Stainthorp v. Humiston, Case No. 13,281; Crompton v. Belknap Mills, Id. 3,-406.]

[Cited in Tillotson v. Ramsay, 51 Vt. 312.]

This was an action on the case for an alleged infringement of a patent [No. 1,503, granted to the plaintiff, Chester Gorham, March 3, 1840] for "an improvement in the machine for pressing palm-leaf hats." The defense set up was: First. That defendants' [William Mixter and others] had not infringed; or, in other words, that the machine used by them was substantially different in its construction and mode of operation from the machine described in plaintiff's specification of claim in his letters patent. Second. That plaintiff was not the original and first inventor of the machine patented; but that the same was known and used prior to his supposed invention thereof.

The plaintiff made application in the autumn of 1839, and obtained his letters in March, 1840. The history of the art of pressing in this commonwealth, so far as it is known to witnesses, was traced from 1830 to the trial. In 1830 the machine in general use had three blocks for the hat, with a lever and a flat to each, and the pressing of the rim, crown, and top of the hat was performed separately, at three successive operations on the respective blocks, by removing the hat from block to block. These blocks were attached to revolving shafts, which were moved by hand or other power, as circumstances dictated; and the levers to which the pressing flats were attached were arranged and the pressing done by hand. In 1832 the plaintiff made an attempt to improve upon the old machine. He con-

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

structed a machine in which but one block was used, and made an angular flat to fit the side and top of the hat at the same time, thereby pressing the whole hat without removing it from the block. It did not appear in evidence, however, that by this arrangement the whole hat was pressed at one operation, without a change of flats. A similar machine to the last, though somewhat improved in its structure, was shown to have been put in operation in 1834 by one Brown, of Dana, Massachusetts, used for a time, and abandoned. Also, one Charles Rice, of Boston, testified for the defense that in 1835 he constructed a machine of the same general character, using one lever and one flat; that in 1836 he added the second lever and flat, making the two answer the purpose of three flats; and in 1838 he added the third lever and fourth flat. In this machine the block shaft was turned and the levers operated by hand, but the whole hat was pressed without changing flats. In 1837 the plaintiff invented and put in operation a machine with one block, three levers, and the same number of flats, by which the hat in all its parts was pressed by one operation. The shaft was moved by water-power, and the levers to which the flats were appended were fastened by a catch, so as to press upon the hat while it revolved in connection with the shaft, thus dispensing with the power of the operator, and in a measure acting automatically. In the machine patented by the plaintiff four flats, two for the rim on opposite sides, one for the side of the crown, and one for the top are attached to a sliding frame, which by means of a lever is brought to and removed from the hat block at pleasure. The hat is placed on the block with a table for the rim on a vertical rotating shaft. After the hat is placed the sliding frame is brought forward by means of the lever, bringing all the flats to their relative and proper position over and against the hat. Then another lever is disengaged from a catch, which permits a weight to act upon a third lever, which in its turn acts upon the vertical shaft surmounted by the hat, and brings the hat in contact with the flats while the shaft revolves, and thus the pressing is performed. After being thus put in motion no further attention from the operator is required until the hat is sufficiently pressed. One man can operate three or four machines at the same time, pressing from twelve to fifteen hundred hats per day, while on the old hand machine one man could ordinarily press but five hundred a day. This machine, and what the plaintiff contended were modifications of it, came into general use soon after its construction, and superseded all that had gone before.

The defendants claimed that the modification used by them was an original invention of one Paul Hildreth, formerly of Petersham, made subsequently to plaintiff's invention and patent. This was denied by the

plaintiff, who insisted that it was taken from his machine, with alterations and modifications, for the purpose of evading the patent; but under the ruling of the court it was immaterial as affecting plaintiff's right of recovery, whether an original invention or otherwise, being subsequent in point of time to plaintiff's invention and patent. The point most strenuously urged by the defendants was that their machine differed substantially from the one patented by plaintiff, and on this point, under the ruling of the court, the case turned. The question arose what plaintiff had claimed and patented, whether a machine as a machine, new in its structure as a whole, or merely a new combination of old parts; and if a combination merely, whether a combination effected by any mechanism, or a combination effected by the means, and operating in the particular manner described in his specification of claim. If the latter, the question of priority of invention was disposed of, for it was not pretended that any prior machine contained the same combination, constructed and operating in the same way. But it was contended on the part of defendants that if this construction were given to the claim, they did not infringe, as some of the elements of combination in their machine were constructed and operated substantially different from corresponding elements in plaintiff's. On the question of identity of machines, the plaintiff called as experts Thomas Blanchard and R. H. Eddy of Boston, and the defendants called Charles M. Keller of New York City.

Rufus Choate and H. E. Smith, for plaintiff.

B. R. Curtis and Cyrus Cummings, for defendants.

SPRAGUE, District Judge, charged the jury that the plaintiff had claimed and patented a combination, constructed and operating as described in his specification, and to that he was limited; that to constitute an infringement, the defendants must have used the same combination, constructed and operating substantially in the same way; that if they had used only two of the three elements of combination, it was not an infringement. Nor was it an infringement if any one or all their elements of combination were constructed and operated substantially different from plaintiff's. Yet a mere change in form or proportion, or a substitution of mechanical means or equivalents, in any one or all the elements, producing the same result, would not constitute a substantial difference within the meaning of the patent law. Nor would it be a defense, that they had added to the combination, or any element thereof, and made improvements, provided they used plaintiff's combination, constructed and operating substantially in the same way. Such additions and improvements, though meritorious, gave them no right to appropriate what belonged to another without making compensation. It was for the jury to say, in view of the evidence, under the instructions of the court, and from an inspection of the models before them, whether the defendants' machine did in fact contain the combination claimed and patented by plaintiff, constructed and operating substantially in the same way.

The jury returned a verdict for the plaintiff, and assessed damages at $1,110, $510 of which was for use of machines, and $600 for counsel fees.